IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| Saharo Sacko, | : 2:14-cv-00831 |
| Plaintiff, | : |
| v. | : |
| Trustees of the University of Pennsylvania, *et al.,* | : |
| Defendants. | : |

---

**DEFENDANT THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S PARTIAL ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

**AND NOW**, comes the defendant, The Trustees of the University of Pennsylvania, ("Defendant" or "Penn") and files this Partial Answer to Plaintiff's Complaint with Affirmative Defenses and in support thereof states as follows:

1. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

2. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

**PARTIES**

3. Denied as Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Denied. The proper name of this defendant is The Trustees of the University of Pennsylvania and it is a Pennsylvania non-profit corporation. Penn is unaware of any separate entity named University of Pennsylvania.

5. Denied as stated. Penn is a Pennsylvania non-profit corporation that

operates in Philadelphia, Pennsylvania.

6. Denied. The proper name of this defendant is The Trustees of the University of Pennsylvania and it is a Pennsylvania non-profit corporation. Penn is unaware of any separate entity named University of Pennsylvania Police Department.

7. Denied. The officer allegedly identified in this paragraph is unnamed and insufficiently identified in order for Penn to admit or deny the averments in this paragraph and therefore, said averments are denied.

8. Denied. The officers allegedly identified in this paragraph are unnamed and insufficiently identified in order for Penn to admit or deny the averments in this paragraph and therefore, said averments are denied.

9. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

10. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

11. Admitted in part and denied in part. It is admitted only that Plaintiff was operating a taxi cab with a passenger within the area of 4200 Walnut Street in Philadelphia on February 12, 2012. The remainder of the allegations in this paragraph are denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

12. Admitted in part and denied in part. It is admitted only that Plaintiff was stopped by police officers for careless driving and following too closely. It is denied that Plaintiff was stopped by unknown and unidentified "Does I-III."

13. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure. It is further specifically denied that Penn or any of its Officers verbally assaulted, physically assaulted or punched Plaintiff in any respect.

14. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure. To the extent a specific denial is required, it is denied that Plaintiff was pulled by his shoulder, violently thrown, struck against the vehicle, assaulted, or that his ankle struck the curb.

15. Denied as stated. Plaintiff was issued traffic citations for both careless driving, 75 Pa.C.S.A. § 3714, and following too closely, 75 Pa.C.S.A. §3310.

16. Denied. It is specifically denied that Plaintiff was beaten, punched, struck, grabbed or shoved in any manner whatsoever.

17. Denied. It is specifically denied that any attack occurred, or that Plaintiff was in a non-threatening, defenseless position.

18. Denied. It is specifically denied that Penn or any Penn Officer attempted to "cover" the alleged events or asked the passenger to leave.

19. Denied. It is specifically denied that Plaintiff did not interfere with police activity. To the contrary, Plaintiff was following Penn Officers too closely in inclement weather, resulting in Plaintiff's vehicle skidding on ice and narrowly missing contact with the Penn vehicle. Plaintiff then continued to drive erratically by swerving into the Penn vehicle. Plaintiff became loud and boisterous and refused to present his driver's license.

20. Denied as stated. By way of further response, Plaintiff committed the traffic violations of both careless driving, 75 Pa.C.S.A. § 3714, and following too closely,

75 Pa.C.S.A. §3310.

21. Admitted in part and denied in part. The allegation that Plaintiff was assaulted is denied as a conclusion of law to which no response is required under the Rules of Civil Procedure. Penn is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff called 911. It is admitted that Plaintiff lodged a complaint with Penn.

22. Denied as Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Denied as Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Denied as Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Denied as Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.-34. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

## COUNT I[1]
## FOURTH AMENDMENT

35.-40. The allegations contained in paragraphs 35-40 are the subject of Penn's

---

[1] Count I, beginning with paragraph number 35, appears to be asserted out-of-sequence with the remainder of the Complaint. This disorganization renders the Complaint as incomprehensible as the Complaint Plaintiff previously filed in the Court of Common Pleas of Philadelphia, Pennsylvania, which was summarily dismissed on preliminary objections. (See State Court Complaint and Order, attached as Exhibit A.) In an attempt to make sense of the Complaint, Defendant will read the Complaint in the order of paragraph numbers, as opposed to the order of page sequence. In that vein, we substitute page 12 for page 9.

Motion to Dismiss Plaintiff's Complaint, which is being filed concurrently with this Partial Answer with Affirmative Defenses and accordingly, Penn will not respond to these paragraphs in the context of this pleading.

## COUNT II
## FOURTEENTH AMENDMENT

41.-45.   The allegations contained in paragraphs 41-45 are the subject of Penn's Motion to Dismiss Plaintiff's Complaint, which is being filed concurrently with this Partial Answer with Affirmative Defenses and accordingly, Penn will not respond to these paragraphs in the context of this pleading.

## COUNT III
## ASSAULT AND BATTERY

46.   Penn incorporates herein its responses to the allegations set forth in the proceeding paragraphs as though fully set forth herein.

47.   Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

47.[sic]  Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.  To the extent a specific denial is required, it is denied that any Penn Office placed Plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact or subjected Plaintiff to unlawful bodily contact.

48.   Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

## COUNT IV
## INTENTIONAL INFLECTION OF SEVERE EMOTIONAL DISTRESS

49.   Penn incorporates herein its responses to the allegations set forth in the proceeding paragraphs as though fully set forth herein.

50. Denied as conclusions of law to which no response is required under the Rules of Civil Procedure.

Penn denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

**WHEREFORE**, Penn demands judgment in its favor along with an award of attorneys' fees and costs incurred in defending this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations in Plaintiff's Complaint do not amount to willful and wanton misconduct and therefore, Penn cannot be liable for punitive damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to demonstrate that Penn caused him any injury or deprivation of a federally protected constitutional right.

### FOURTH AFFIRMATIVE DEFENSE

Penn's alleged wrongful conduct is protected by the doctrines of privilege and justification.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's claims, Penn acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages are the result of the acts and/or omissions of individuals and/or entities other than Penn.

## EIGHTH AFFIRMATIVE DEFENSE

No act or omission by Penn was the proximate cause of any injuries or damages allegedly sustained by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff contends that he was detained and/or physically restrained by Penn, Penn was within its rights to do so.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, waiver and laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to establish that he suffered any damages as a direct or proximate result of any actions of omissions of Penn.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any Penn Officers that may be implicated in this matter are entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Penn reserve the right to rely on other affirmative defenses which may become

available or apparent during discovery and hereby reserve the right to amend this answer to assert such defenses.

                    TUCKER LAW GROUP, LLC.

By:  /s/KK7847
Joe H. Tucker, Jr.
Kathleen Kirkpatrick
Attorney Identification No. 87240
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103

Dated: March 11, 2014      (215) 875-0609
**Attorneys for Defendant The Trustees Of The University of Pennsylvania**