# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Saharo Sacko, | No. 2:14-cv-00831 |
| Plaintiff, | |
| v. | |
| Trustees of the University of Pennsylvania, *et al.,* | |
| Defendants. | |

## O R D E R

**AND NOW**, this _____ day of _____, 2014, upon consideration of the Motion to Dismiss of Defendant, The Trustees of the University of Pennsylvania, and any response thereto, it is hereby **ORDERED** and **DECREED** that Counts I and II of Plaintiff's Complaint are **DISMISSED** as to Defendant, The Trustees of the University of Pennsylvania, and Count II is **DISMISSED** in its entirety from the Complaint, with prejudice.

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

Saharo Sacko, : No. 2:14-cv-00831
        Plaintiff, :
:
v. :
:
Trustees of the University of Pennsylvania, *et al.,* :
:
        Defendants. :

---

## DEFENDANT THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Defendant, The Trustees of the University of Pennsylvania ("Penn" or "Defendant"), hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts I and II as to Penn, and Count II in its entirety, with prejudice.[1] The bases for this Motion are more fully set forth in the accompanying Memorandum of Law in support thereof.

**WHEREFORE**, Penn respectfully requests that Counts I and II be dismissed against Penn, and that Count II be dismissed in its entirety, with prejudice.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: March 11, 2014
/s/ KK7847
Joe H. Tucker, Jr., Esquire (No. 56617)
Kathleen Kirkpatrick, Esquire (No. 87240)
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
**Attorneys for Defendant The Trustees
Of The University of Pennsylvania**

---

[1] Penn is a private institution whose actions are not fairly attributable to the state. Although this point is not raised in the present Motion, Penn does not waive it, nor does it concede that it is subject to liability under 42 U.S.C. § 1983.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| Saharo Sacko, | : | No. 2:14-cv-00831 |
| Plaintiff, | : | |
| v. | : | |
| Trustees of the University of Pennsylvania, *et al.,* | : | |
| Defendants. | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, The Trustees of the University of Pennsylvania ("Penn" or "Defendant"), respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  ARGUMENT[2]

### A.  Applicable Legal Standard

A complaint may be dismissed for failing to state a claim upon which relief can be granted. Fed.R.C.P. 12(b)(6). In deciding a motion to dismiss, a plaintiff must plead factual allegations that, taken as true, form a plausible basis for recovery on the claim in question. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In Twombly, the Supreme Court emphasized:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a

---

[2] The facts set forth in Plaintiff's Complaint are accepted as true only for purposes of this Motion in accordance with the requirements under Federal Rule of Procedure 12(b)(6). Penn expressly reserves its right to dispute any of Plaintiff's factual allegations that are recited herein at trial.

formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555, quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (other citations omitted). The Third Circuit, interpreting Twombly, instructed that courts considering a motion to dismiss under Rule 12(b)(6) are to accept the factual allegations of the complaint as true; to draw inferences in favor of the plaintiff insofar as such inferences are reasonable; and to determine whether the plaintiff is entitled to relief under a reasonable reading of the complaint's factual allegations. Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008), citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002), In re Rockerfeller Ctr. Props. Secs. Litig., 311 F.3d 198, 215-16 (3d Cir. 2002).

However, the Third Circuit has cautioned that a complaint's conclusory recitation of the elements of a cause of action is insufficient. Umland v. Planco Fin. Servs., 542 F.3d 59, 64 (3d Cir. Pa. 2008), citing Phillips, 515 F.3d at 233. This principle reemphasizes the oft-stated standard that courts are not to credit "bald assertions" or "a legal conclusion couched as a factual allegation." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Papasan, 478 U.S. at 286. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570. Plaintiff's federal causes of action against Penn under § 1983, as well as the Fourteenth Amendment cause of action lodge against all parties, fail to meet this standard and should be dismissed with prejudice.

**B.     Penn Cannot Be Vicariously Liable Under 42 U.S.C. § 1983 for the Actions of Its Employees.**

It is a well-established legal principle that municipal defendants, as Penn is casted in this matter, cannot be held liable for alleged constitutional violations in the absence of an official policy or custom causing the alleged violations to occur.  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978) (municipality cannot be held liable under §1983 on a respondeat superior theory in the absence of an official government policy or custom); Lionel Franks v. Temple University, 2011 U.S. Dist. LEXIS 44712 (E.D.Pa. April 25, 2011) (granting Temple University's motion to dismiss in a §1983 action based upon actions of individual Temple police officers).  In this regard, "rigorous standards of culpability and causation must be applied."  Bryan County v. Brown, 520 U.S. 397, 405 (1997).  A municipal "policy" or "custom" will be found only if the municipality's practices are "so permanent and well settled as to virtually constitute law."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Additionally, even if a wrongful municipal "policy" or "custom" exists, the plaintiff must prove that the policy or custom was the "moving force" behind his injuries.  Bryan, 520 U.S. at 404.

In the seminal Monell case, the Supreme Court set forth the standard for limitation of municipal liability under Section 1983 as follows:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory.
>
> We conclude, therefore, that a local government may not be sued under §1983 for an injury solely inflicted by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by

> its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 691, 694 (emphasis in original).

In the instant matter, Plaintiff fails to meet these standards as his Complaint is devoid of any allegation suggesting the kind of policy or custom required to establish liability for a municipal entity under §1983. Instead, Plaintiff generally alleges, in a conclusory and unfounded fashion, that the Defendants "fail[ed] to be adequately trained and supervised concerning the proper provision of medical care to injured suspects . . . (Cmpl. ¶ 32) [and] with regard to proper methods for handling citizens' use of modern technology. . . " (Cmpl. ¶ 33). These allegations are nonfactual, conclusory and nonsensical even when considering the entire Complaint as a whole and reading the allegations in the light most favorable to Plaintiff. For example, Penn had no constitutional obligation to dispense medical care to "suspects" and even assuming that it did, any lack of training in this regard would not have prevented the constitutional violation of excessive force because such violation would have already occurred by the time the medical care was dispensed.

More importantly, there are no factual allegations whatsoever to support any alleged lack of training or supervision with respect to this incident. Plaintiff's Complaint is simply insufficient to subject Penn to liability under § 1983. Monell, 436 U.S. 658. Plaintiff cannot establish a cause of action against Penn based exclusively on the actions of Penn Police Officers. See e.g., Marcavage v. Bd. of Trs., 2004 U.S. Dist. LEXIS 9471 (E.D. Pa. May 21, 2004), aff'd 232 Fed. Appx. 79 (3d Cir. Pa. 2007) (granting summary judgment in favor of Temple University where the plaintiff offered no

5

evidence of a policy or custom of unconstitutional abuse in a § 1983 action).

As Plaintiff fails to plead sufficient facts which would entitle him to relief against Penn as a matter of law, Penn should be dismissed from all federal claims, i.e. Count I (Fourth Amendment Violation) and Count II (Fourteenth Amendment Violation) with prejudice.

### C. Plaintiff's Complaint Fails to State of Cause of Action for a Fourteenth Amendment Violation.

Plaintiff alleges in Count II of his Complaint that his substantive due process rights pursuant to the Fourteenth Amendment were violated as a result of a purported illegal search and seizure. However, where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" such a claim. Graham v. Connor, 490 U.S. 386, 395 (1989).

In Graham, the Supreme Court held that a free citizen's right to be free from excessive force "in the course of making an arrest, investigatory stop, or other 'seizure' of his person. … [is] properly analyzed under the [4]th Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." Id. at 388. In determining that the Fourth Amendment was the proper constitutional standard governing claims of excessive force during and arrest, Graham clearly manifested its intent to limit the doctrine of substantive due process. Id. at 394-5. According to the Court, § 1983 analysis must begin by identifying the specific constitutional right allegedly infringed upon by a state actor. Graham recognized that the vast majority of lower federal courts had indiscriminately and improperly applied a

6

substantive due process standard to all excessive force claims. Id. at 397, 398.  Thus, Graham, in mandating the exclusive use of the Fourth Amendment in illegal search and seizure claims, explicitly recognized the wholesale elimination of a broad range of substantive due process claims.  Id.

The Supreme Court later cemented Graham's holding when it again limited the availability of a claimant's substantive due process claim in Albright v. Oliver, 510 U.S. 266 (1994).  In holding that the plaintiff's § 1983 claim of malicious prosecution must be brought under the Fourth Amendment rather than the Fourteenth Amendment, the Court once again expressed its desire to limit the doctrine of substantive due process where a more specific constitutional provision might apply. Id. at 271-5.

Graham and Albright dispose of the question presented here and warrant the dismissal of Plaintiff's cause of action for a Fourteenth Amendment violation under Count II.  The drafting of Plaintiff's Complaint reveals a fundamental lack of understanding of substantive due process rights in the context of a 1983 illegal search and seizure claim.  Simply put, such cause of action has no place in this matter.

## II.     **CONCLUSION**

Penn cannot be liable for Plaintiff's federal causes of action pled under Counts I and II. Additionally, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Count II. Accordingly, Counts I and II should be dismissed as to Penn,

and Count II should be dismissed in its entirety.

                                    Respectfully submitted,

                                    **TUCKER LAW GROUP, LLC**

Dated: March 11, 2014    By:    <u>/s/ KK7847</u>
                                              Joe H. Tucker, Jr., Esquire (No. 56617)
                                              Kathleen Kirkpatrick, Esquire (No. 87240)
                                              1617 JFK Boulevard, Suite 1700
                                              Philadelphia, PA 19103
                                              (215) 875-0609
                                              **Attorneys for Defendant The Trustees**
                                              **Of The University of Pennsylvania**