# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------

Saharo Sacko,                                         :         No. 2:14-cv-00831
                                                      :
                          Plaintiff,                  :
                                                      :
              v.                                      :
                                                      :
Trustees of the University of Pennsylvania, et al.,   :
                                                      :
                          Defendants.                 :

--------------------------------------------------------

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester's, Motion to Compel Plaintiff's Response to Interrogatories and Requests for Production of Documents, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.  Plaintiff shall provide full, complete and verified responses, without objection, to Defendants' Interrogatories and Requests for Production of Documents within five days.

BY THE COURT:

_____
**Michael M. Baylson, J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------------

Saharo Sacko,                                    :        No. 2:14-cv-00831
                                                 :
                        Plaintiff,               :
                                                 :
            v.                                   :
                                                 :
Trustees of the University of Pennsylvania, et al.,   :
                                                 :
                        Defendants.              :

--------------------------------------------------------------------

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCITON OF DOCUMENTS

Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester ("Defendants"), by and through their undersigned counsel, respectfully request this Court to compel the Plaintiff, Saharo Sacko ("Plaintiff"), to answer Defendants' Interrogatories and Requests for Production of Documents.  In support of their Motion, Defendants state as follows:

1.     Plaintiff filed a Complaint against Defendants alleging a cause of action for excessive force and state law claims of assault and battery and infliction of emotional distress.  See Amended Complaint, attached hereto as Exhibit A.

2.     On May 6, 2014, Defendants served Plaintiff with Interrogatories and Requests for Production of Documents.  See Interrogatories and Requests for Production of Documents Addressed to Plaintiff, attached hereto as Exhibit B.

3.     Having received no answers to written discovery, defense counsel sent email correspondence on June 5, 2014 requesting the status of outstanding answers.  See Email correspondence dated June 5, 2014, attached hereto as Exhibit C.

4.      Plaintiff's counsel never responded to defense counsel's June 5, 2014 email regarding outstanding discovery answers.

5.      On June 11, 2014, defense counsel called plaintiff's counsel and plaintiff's counsel advised that answers would be forthcoming by the end of the week, or June 13, 2014.

6.      To date, Plaintiff has failed to provide answers to written discovery and such answers are now overdue under the Rules. Fed.R.C.P. 33, 34.

7.      Federal Rules of Civil Procedure 33 and 34 provide that answers to interrogatories and requests for production of documents must be supplied within thirty (30) days. Fed.R.C.P. 33, 34.

8.      Plaintiff is in direct violation of the Rules.

9.      If Plaintiff continues to refuse to provide answers to discovery requests, Defendants will be severely prejudiced in that they will be unable to fully and thoroughly defend and investigate Plaintiff's claims.

**WHEREFORE**, Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester, respectfully request this Court to compel Plaintiff to answer Defendants' Interrogatories and Requests for Production of Documents.

Respectfully Submitted,

Dated: June 30, 2014                           /s/Kathleen Kirkpatrick
                                    By:    Joe H. Tucker, Jr., Esquire
                                           Kathleen Kirkpatrick, Esquire
                                           **TUCKER LAW GROUP, LLC**
                                           One Penn Center at Suburban Station
                                           1617 John F. Kennedy Blvd, Suite 1700
                                           Philadelphia, PA  19103

3

(215) 875-0609

**Attorneys for Defendants, The Trustees of The University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------

Saharo Sacko,                                        :          No. 2:14-cv-00831
                                                     :
                         Plaintiff,                  :
                                                     :
          v.                                         :
                                                     :
Trustees of the University of Pennsylvania, et al.,  :
                                                     :
                         Defendants.                 :

------------------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ANSWER INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

I. **Facts**

Plaintiff filed a Complaint against Defendants alleging a cause of action for excessive force and state law claims of assault and battery and infliction of emotional distress. See Amended Complaint, attached hereto as Exhibit A. On May 6, 2014, Defendants served Plaintiff with Interrogatories and Requests for Production of Documents. See Interrogatories and Requests for Production of Documents Addressed to Plaintiff, attached hereto as Exhibit B.

Having received no answers to written discovery, defense counsel sent email correspondence on June 5, 2014 requesting the status of outstanding answers. See Email correspondence dated June 5, 2014, attached hereto as Exhibit C. Plaintiff's counsel never responded to defense counsel's June 5, 2014 email regarding outstanding discovery answers. On June 11, 2014, defense counsel called plaintiff's counsel and plaintiff's counsel advised that answers would be forthcoming by the end of the week, or June 13, 2014.

## II. Legal Argument

To date, Plaintiff has failed to provide answers to written discovery and such answers are now overdue under the Rules. Fed.R.C.P. 33, 34. Federal Rules of Civil Procedure 33 and 34 provide that answers to interrogatories and requests for production of documents must be supplied within thirty (30) days. Fed.R.C.P. 33, 34. Plaintiff is in direct violation of the Rules. If Plaintiff continues to refuse to provide answers to discovery requests, Defendants will be severely prejudiced in that they will be unable to fully and thoroughly defend and investigate Plaintiff's claims..

## III. Conclusion

Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester, respectfully request this Court to compel Plaintiff to answer Defendants' Interrogatories and Requests for Production of Documents

Respectfully Submitted,

Dated: June 30, 2014

By:   /s/Kathleen Kirkpatrick
Joe H. Tucker, Jr., Esquire
Kathleen Kirkpatrick, Esquire
**TUCKER LAW GROUP, LLC**
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd, Suite 1700
Philadelphia, PA 19103
(215) 875-0609
**Attorneys for Defendants, The
Trustees of The University of
Pennsylvania and University of
Pennsylvania Police Officer
Michael Sylvester.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

Saharo Sacko,                                    :        No. 2:14-cv-00831
                                                 :
                          Plaintiff,             :
                                                 :
              v.                                 :
                                                 :
Trustees of the University of Pennsylvania, et al.,    :
                                                 :
                          Defendants.            :

---------------------------------------------------------------

## ATTORNEY CERTIFICATION OF GOOD FAITH

I do hereby certify as follows:

1.       I represent the Defendants, The Trustees of the University of

Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester, in the

above-captioned action.

2.       I made a good faith effort to confer with Plaintiff's counsel  to obtain

answers to Interrogatories and Requests for Production of Documents without court

action.

3.       Based on the foregoing, it is respectfully requested that this Court grant

Defendants' Motion to Compel Plaintiff's Answers to Written Discovery Requests.

I certify that the foregoing statements made by me are true and correct.  I am

aware that if any of the foregoing statements made by me are willfully false, I am

subject to punishment.

                                        Respectfully Submitted,

Dated: June 30, 2014                     /s/Kathleen Kirkpatrick
                                 By:    Joe H. Tucker, Jr., Esquire
                                        Kathleen Kirkpatrick, Esquire

**TUCKER LAW GROUP, LLC**
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd, Suite 1700
Philadelphia, PA  19103
(215) 875-0609
**Attorneys for Defendants, The
Trustees of The University of
Pennsylvania and University of
Pennsylvania Police Officer
Michael Sylvester.**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion to

Compel to be served via ECF upon the following:

Anthony Lopresti, Esquire
Clearfield & Kofsky
1617 JFK Blvd.
Suite 355
Philadelphia, PA 19103

/s/Kathleen Kirkpatrick
Kathleen Kirkpatrick, Esquire

Dated: June 30, 2014

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHARO SACKO<br>2654 S. 70th Street<br>Philadelphia, PA 19142<br>     v.<br>UNIVERSITY OF PENNSYLVANIA<br>Risk Managent<br>Franklin Building<br>3451 Walnut Street-Suite 421<br>Philadelphia, PA 19104<br>    and<br>UNIVERSITY OF PENNSYLVANIA<br>133 S. 36th Street<br>Philadelphia, PA 19104<br>    and<br>TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA<br>Franklin Building<br>3451 Walnut Street-Suite 329<br>Philadelphia, PA 19104<br>    and<br>TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA<br>133 S. 36th Street<br>Philadelphia, PA 19104<br>    and<br>UNIVERSITY OF PENNSYLVANIA<br>POLICE DEPARTMENT<br>Franklin Building<br>3451 Walnut Street Suite 421<br>Philadelphia, PA 19104<br>    and<br>UNIVERSITY OF PENNSYLVANIA<br>POLICE DEPARTMENT<br>133 S. 36th Street<br>Philadelphia, PA 19104<br>    and<br>UNIVERSITY OF PENNSYLVANIA<br>POLICE OFFICER, MICHAEL SYLVESTER<br>Franklin Building<br>3451 Walnut Street-Suite421<br>Philadelphia, PA 19104<br>Continued on next page | CIVIL ACTION-LAW<br><br>DOCKET NO. 14-0831<br><br>JURY TRIAL DEMANDED |

OFFICERS JOHN DOE I-III                              :
(individually and in their official capacity)        :
Franklin Building                                    :
3451 Walnut Street-Suite 421                         :
Philadelphia, PA 19104                               :

## FIRST AMENDED COMPLAINT

Plaintiff, Saharo Sacko, by and through his attorney, Anthony Lopresti, Esquire, brings this

suit to recover for federal constitutional violations, federal statutory violations, and state law claims,

as follows:

## AVERMENTS OF JURISDICTION

1.      Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. § 1331 and

§1343. This action arises under the provision of the Civil Rights Act of 1986, as amended 42 U.S.C.

§1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28

U.S.C. Section 1367.

2.      Venue is appropriately laid in this Court pursuant to 28 U.S.C. § 1391(b) in that the

actions complained of took place in Philadelphia, which is within the bounds of the Eastern District,

and Defendants conduct business within the Eastern District.

## PARTIES

3.      Plaintiff, Saharo Sacko, born September 1, 1964, is a resident of 2654 S. 70th Street, in the City of Philadelphia, Commonwealth of Pennsylvania.

4.      Defendant, University of Pennsylvania, (hereinafter referred to as "U of P") is a corporation licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned addresses.

5.      Defendant, Trustees of the University of Pennsylvania (hereinafter referred to as "Trustees") is a corporation licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned addresses.

6.      Defendant, University of Pennsylvania Police Department, (hereinafter referred to as UPPD") is a business entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

7.      Defendant, University of Pennsylvania Police Officer Michael Sylvester, (hereinafter referred to as "Officer Sylvester") is an adult individual who is an employee and/or servant and/or independent contractor of co-defendants, U of P and/or Trustees and/or UPPD in the capacity of a Police Officer in the City of Philadelphia for U of P and/or Trustees and/or UPPD with an office for service at the above-captioned address.

8.      Defendant, Officers John Does I-III, (hereinafter referred to as "Doe I-III") were at all relevant times police officers with the University of Pennsylvania Police Department of the City of Philadelphia. Their names are not currently known. They were present and involved in police activities which give rise to the within causes of action.

9.      Defendant, University of Pennsylvania Officer Sylvester, is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under the color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

10.     Defendant, Does I-III are all sued in their individual and official capacities and at all times relevant hereto was acting under the scope of his official capacity and his acts were performed under the color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

## FACTUALL ALLEGATIONS ON THE MERITS

11.     On or about February 12, 2012, Plaintiff was lawfully driving his taxi cab for hire with a passenger within in the area of 4200 Walnut Street, in the City of Philadelphia.

12.     At the aforementioned date and location, Plaintiff was stopped by several police officers for alleged careless driving, including but not limited to, Defendant Officer Sylvester and/or Does I-III.

13.     Suddenly, without warning, probable cause, reasonable suspicion or any provocation by the Plaintiff, defendant(s) Officer Sylvester and/or Does I-III verbally assaulted Plaintiff as well as physically assaulting Plaintiff by punching him on his back and shoulders.

14.     Defendants aggressively pulled Plaintiff by his shoulder from his vehicle and violently threw him against the trunk of the vehicle during this assault Plaintiff's ankle struck the curb.

14.     As Plaintiff was in the process of obtaining said documents suddenly, without warning, probably cause, reasonable suspicion or any provocation by the Plaintiff, defendant(s)

Officer Sylvester and/or Does I-III verbally assaulted Plaintiff as well as physically assaulting Plaintiff by punching him on his back and shoulders.

     15.     Defendants issued Plaintiff a citation/ticket for carless driving.

     16.     Defendants Officer Sylvester and/or Does I-III beat Plaintiff by the following methods:

          a.     Punching Plaintiff;

          b.     Striking Plaintiff on the back and shoulders; and

          c.     grabbing Plaintiff forcibly by his shoulder; and

          d.     shoving Plaintiff forcibly on the vehicle and/or curb.

     17.     The attack occurred while Plaintiff was in a non-threatening and defenseless physical position, unarmed and completely unable to pose any threat to others or defend himself.

     18.     Moreover, Defendants attempted to cover the aforementioned assault by requesting the passenger in Plaintiff's vehicle to leave the scene.

     19.     Plaintiff did not interfere with any police activity.

     20.     Plaintiff did not commit any crimes on February 12, 2012.

     21.     Following the assault by Defendants, Plaintiff called 911 and filed a citizens complaint form against the University of Pennsylvania Police Department.

     22.     On or about April 17, 2012, a hearing was held in Traffic Court with the Municipal Court.

     23.     On or About April 17, 2012, the Honorable Michael Lowry dismissed the citation and the charge of reckless/careless driving.

     24.     On February 13, 2012, Plaintiff presented to Mercy Philadelphia Hospital Emergency Room where he was diagnosed with a distal fibula avulsion fracture.

25.     Plaintiff then followed up with treatment of his injuries which consisted of the following, including  but not limited to: distal fibula fracture, neck injury, back injury, internal derangement of the shoulder, left chest wall injury, closed head trauma, cervical sprain and strain, left shoulder sprain and strain, left chest wall sprain and strain, lumbar sprain and strain, left sacrolitis.

26.     At all relevant time, Defendants knew or should have known that their actions were in violation of Plaintiff's Constitutional Rights.

27.     Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for the Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

28.     As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, loss of liberty, grievous physical injuries, and the loss of the enjoyment of life, all to their great detriment and loss.

29.     As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and was made to undergo great physical pain and horrible mental anguish requiring medical treatment, as well as loss of earning power and earning potential, all to his great detriment, financial detriment and personal loss.

30.     Plaintiff's serious injuries were a foreseeable and direct result of the actions and inactions of all Defendants.

31.     Defendants' violated Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to his freedom to assemble, his right to substantive

due process, liberty, personal security, his right to be free from unreasonable seizures, and his right to be free from the use of excessive, unreasonable and unjustified force.

32.    The Defendants have with deliberate indifference, failed to be adequately trained and supervised concerning the proper provision of medical care to injured suspects, and the injuries to Plaintiff were caused by, and were foreseeable consequence of such failures.

33.    In addition, the Constitutional violations suffered by Plaintiff were the result of the failure to properly train and supervise the officers with regard to the proper methods for handling citizens' use of modern technology to capture policy activity while preserving those individuals' constitutionally protected rights.

34.    The rights, violations and injuries suffered by Plaintiff was a foreseeable result of the policies, practices, customs and deliberate indifference of the Defendants.


## COUNT I- FOURTH AMENDMENT-UNLAWFUL SEIZURE, EXCESSIVE FORCE-PLAINTIFF VS. ALL DEFENDANTS

35.    The allegations set forth in the proceeding paragraphs are incorporated as though fully set forth herein.

36.    As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth Amendment to be free from unreasonable search and seizure and to be free from the use of excessive force were violated and be suffered grievous bodily injury including but not limited to: distal fibula fracture, neck injury, back injury, internal derangement of the left shoulder, left chest wall injury, closed head trauma, cervical sprain

and strain, left shoulder sprain and strain, left chest wall sprain and strain, lumbar sprain and strain, left sacrolitis.

37.     Defendants subjected Plaintiff to these deprivations of rights unreasonable, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

38.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

39.     Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

40.     Plaintiff, is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. §1988.

## COUNT II-FOURTEENTH AMENDMENT-SUBSTANTIVE DUE PROCESS
## PLAINTIFF VS. ALL DEFENDANTS

41.     The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

42.     As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury, including but not limited to: distal fibula fracture, neck injury, back injury, internal derangement of the left shoulder, left chest wall injury, closed head

trauma, cervical sprain and strain, left shoulder sprain and strain, left chest wall sprain and strain, lumbar sprain and strain, left sacroliitis.

43.     Defendants subjected Plaintiff to this deprivation of his rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

44.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

45.     Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

## COUNT III-ASSAULT AND BATTERY
## PLAINTIFF VS. OFFICER SYLVESTER

46.     The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

47.     Defendants, Officer Sylvester and/or Does I-III, placed plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

47.     As a consequence of these actions, Plaintiff suffered serious bodily injury.

48.     The acts of the Defendants, as set forth above, constituted the torts of assault and battery, all to Plaintiff's great detriment and loss.

## COUNT IV-INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS PLAINTIFF VS. DEFENDANTS

49.     The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

50.     Defendants Officer Sylvester and/or Does I-III, intentionally, recklessly, willfully and without legal justification, by extreme and outrageous conduct caused severe emotional distress to the Plaintiff.

51.     The acts of defendants alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress all to Plaintiff's great detriment and loss.

**WHEREFORE,** Plaintiff, Saharo Sacko, requests the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and constitutional rights, discrimination, and otherwise wrongful conduct and award the following relief, as appropriate:

I)      a declaration that Defendants, jointly and/or severally, have violated Plaintiff's civil rights;

II)     compensatory damages in excess of $150,000;

III)    prejudgement interest, attorney's fees and costs;

IV)     punitive damages against the individual defendants in their individual and official capacities;

V)      such other legal and eqitable relief as the Court deems just and proper.

## JURY DEMAND

PUSRSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.

CLEARFIELD & KOFSKY

BY: _____
ANTHONY LOPRESTI, ESQUIRE
Attorney for Plaintiff, Saharo Sacko
1617 John F. Kennedy Boulevard-Suite 355
Philadelphia, PA 19103
(215) 563-6333 (p)
(215) 563-3580 (f)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERNDISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAHARO SACKO | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. 14-831 |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, et al. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's First Amended Complaint was mailed on

March 19, 2014, by First Class Mail, Postage Prepaid to:

Joe H. Tucker, Esquire
One Penn Center at Suburban Station
1617 John F. Kennedy, Suite 1700
Philadelphia, PA 19103
Attorney for Defendant,
University of Pennsylvania

Kathleen Kirkpatrick, Esquire
One Penn Center at Suburban Station
1617 John F. Kennedy, Suite 1700
Philadelphia, PA 19103
Attorney for Defendant,
University of Pennsylvania

Police Officer Michael Sylvester, Badge #158
11734 Colman Road
Philadelphia, PA 19154-2507
Defendant

BY: _____
ANTHONY LOPRESTI, ESQUIRE
Attorney for Plaintiff, Saharo Sacko
Identification No. 93515
1615 John F. Kennedy Blvd., Suite 355
Philadelphia, PA 19103
(215) 563-6333 (Telephone)
(215) 563-8405 (Fax)

# EXHIBIT B



May 6, 2014

**<u>VIA EMAIL</u>**
Anthony Lopresti, Esquire
Clearfield & Kofsky
1617 JFK Blvd.
Suite 355
Philadelphia, PA 19103

      RE:    **Saharo Sacko v. Trustees of the University of Pennsylvania, et al.**
                **<u>Civil No. 14-831</u>**

Dear Mr. Lopresti:

    Enclosed please find Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester's, Interrogatories and Requests for Production of Documents. Please respond in accordance with the Rules of Civil Procedure.

                    Very truly yours,

                    Kathleen Kirkpatrick

KK/fs
Enclosures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

Saharo Sacko,                                    :         **No. 2:14-cv-00831**

                          Plaintiff,             :

           v.                                    :

Trustees of the University of Pennsylvania, *et al.,*   :

                          Defendants.            :

---------------------------------------------------------------

### DEFENDANTS, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND UNIVERSITY OF PENNSYLVANIA POLICE OFFICER MICHAEL SYLVESTER'S, REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester (collectively referred to as "Penn Defendants"), propound the following request for production of documents on Plaintiff. Penn Defendants request that Plaintiff produce the documents, as more specifically demanded herein, within thirty (30) days, at the offices of Tucker Law Group, LLC, One Suburban Station, 1617 JFK Boulevard, Philadelphia, PA 19103, or at such location as counsel for the parties may agree.

These discovery requests are deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure. If Plaintiff identifies additional documents responsive to any of these production requests after her initial production of documents, Plaintiff is requested to produce those additional documents as soon as practicable after their discovery.

1

## DEFINITIONS AND INSTRUCTIONS

1.      Penn Defendants incorporate the "Instructions" and "Definitions" referenced in Penn Defendants' Interrogatories Addressed to Plaintiff as if set forth herein at length.

2.      Documents attached to each other should not be separated.

3.      If a document once existed but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

4.      In the event any document is withheld on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you rely in asserting your claim and to permit the grounds and reasons for withholding the document to be identified.  Such description should, at a minimum:

      a.      state the date of the document;

      b.      identify each and every author of the document;

      c.      identify each and every person who prepared or participated in the preparation of the document;

      d.      identify each and every person who received the document;

      e.      identify each and every person from whom the document was received;

      f.      state the present location of the document and all copies thereof;

      g.      identify each and every person having custody or control of the document and all copies thereof;

      h.      describe the subject and purpose of the document; and

      i.      provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the

adjudication of the propriety of that claim.

## DOCUMENT REQUESTS

1.      All documents identified in Plaintiff's response to Penn Defendants' Interrogatories.

2.      All documents relied upon or consulted in responding to Penn defendants' Interrogatories.

3.      The entire investigation file(s) of Plaintiff, his counsel or any other organization, excluding references to mental impressions, legal conclusions or opinions representing strategy or tactics and privileged communication from counsel.

4.      All documents that you intend to refer to, introduce or utilize at trial.

5.      All documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

6.      The curriculum vitae and reports, including, but not limited to, any correspondence, memoranda, writings and draft reports, of all persons whom you intend to call as an expert witness, or whose report you intend to introduce, at arbitration or trial.

7.      Plaintiff's local, state and federal tax returns from 2008 to present.

8.      All medical records, notes and/or reports pertaining Plaintiff from 2003 to present, including but not limited to records unrelated to the injuries claims in this case.

9.      All notes and/or records from any therapist, counselor or psychologist from 2003 to present, including but not limited to records unrelated to the injuries claims in this case.

10.      Any and all statements, memoranda or writing (signed or unsigned) of any and all witnesses or potential witnesses including any and all statements, memoranda,

writings of Plaintiff and/or Penn Defendants, other than those protected by the attorney-client privilege.

11.     All photographs, recordings, films, charts, sketches, graphs, and diagrams taken and/or prepared relating or referring to the alleged accident.

12.     All notes, memoranda, diaries, or other documents created or maintained by Plaintiff that refer and/or relate to the facts or claims alleged in Plaintiff's Complaint or Amended Complaint.

13.     Copies of all employment records, including but not limited to disciplinary records from 2008 to the present.

14.     All documents identifying your version of the facts alleged in the lawsuit.

15.     All documents pertaining to Plaintiff's driving history from 2003 to present.

16.     All traffic tickets, subpoenas and documents pertaining to traffic stops involving Plaintiff from 2003 to present.

17.     A copy of the front and back of Plaintiff's driver's license.

18.     All documents pertaining to any case, claim or lawsuit brought by plaintiff wherein he alleged personal injuries.

19.     All documents pertaining to any case, claim or lawsuit brought by plaintiff against any law enforcement agency or officer.

20.     All documents pertaining to any case, claim or lawsuit filed against Plaintiff pertaining to any motor vehicle accident.

21.     All documents pertaining to the claim you made with American Independent Insurance Company for this incident, including all letters from counsel and medical records.

22.     All documents that support your claim of "mental anguish requiring

4

medical treatment" in paragraph 29 of your Amended Complaint.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: May 6, 2014, 2014

By: /s/ KK7847
Joe H. Tucker, Jr., Esquire (No. 56617)
Kathleen Kirkpatrick, Esquire (No. 87240)
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609
**Attorneys for Defendants, The Trustees
of The University of Pennsylvania and
University of Pennsylvania Police Officer
Michael Sylvester**

5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

Saharo Sacko,                                    :        **No. 2:14-cv-00831**

                          Plaintiff,             :

              v.                                 :

Trustees of the University of Pennsylvania, *et al.,*    :

                          Defendants.            :

---------------------------------------------------------------

## DEFENDANTS, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND UNIVERSITY OF PENNSYLVANIA POLICE OFFICER MICHAEL SYLVESTER'S, INTERROGATORIES ADDRESSED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, The Trustees of the University of Pennsylvania and University of Pennsylvania Police Officer Michael Sylvester (collectively referred to as "Penn Defendants"), hereby request answers under oath from Plaintiff to the following interrogatories within thirty (30) days and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.      Penn Defendants herein request that Plaintiff answer the following interrogatories and promptly file and serve supplemental answers to these interrogatories without further demand pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2.      Each interrogatory is to be responded to independently. When an interrogatory contains separately numbered or lettered subparagraphs, each subparagraph should be treated separately, and an individual response should be furnished to each such subparagraph.

1

3.      Where a claim of privilege or protection is asserted in objecting to any interrogatory, or sub-part thereof, and an answer is not provided on the basis of such assertion:

a.      Identify the nature of the privilege or protection which is being claimed; and

b.      Provide:

i.      For all documents: 1) the type of document; 2) the general subject matter of the document; 3) the date of the document; and 4) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressee of the document and, where not apparent, the relationship of the author and addresses to each other;

ii.     For oral communications: 1) the name of the person making the communication and the name of persons present while the communication was made and, where not apparent, the relationships of the persons present to the person making the communication; 2) the date and place of the communication; and 3) the general subject matter of the communication.

4.      If you encounter any ambiguity in construing an interrogatory, definition or instruction, state the matter deemed "ambiguous" and set forth the construction used in

responding.

## DEFINITIONS

1.      "You" and "your" includes Plaintiff and anyone acting on Plaintiff's behalf including, without limitation, Plaintiff's agents, servants, employees, experts, consultants, investigators and attorneys.

2.      "Person" means any natural person as well as any corporation, partnership, proprietorship, association or group.

3.      "Document" and "documents" as used herein includes, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to memoranda, notes, minutes, records, employment files, case files, pleadings, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails, appointment calendars, recordings of oral conversations, and work papers, and also including but not limited to originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, or otherwise, that are in the possession, custody or control of Plaintiff, Plaintiff's agents, representatives, or attorneys, or any and all persons acting on Plaintiff's behalf.

4.      "Identify," when used in reference to a natural person, means to set forth the person's:

3

    a.     Full name;

    b.     Present or last known home address;

    c.     Present or last known business address;

    d.     Present employer; and

    e.     Job title.

5.     "Identify," when used in reference to a corporation, partnership, proprietorship, association or group, means to state said entity's:

    a.     Full name;

    b.     Address;

    c.     Telephone number;

    d.     Form of organization; and

    e.     Business activities.

6.     "Identify," when used in reference to documents, means to state the following with respect to each document:

    a.     Its date;

    b.     The identity of the person(s) who authored it;

    c.     The identity of the person(s) to whom it was addressed and who are known or believed to have received copies of it;

    d.     The form of the document (that is, letter, memorandum, invoice, blueprint, etc.);

    e.     Its title;

    f.     Its length (in number of pages);

    g.     The identity of the person(s) who you know or believe have custody of each copy or draft of the document having notations unique to such copy; and

    h.     A detailed description of the subject matter of the document.

7.     "Identify," when used in connection with a spoken communication, means to:

    a.     State the date of the communication;

    b.     State the place where the communication occurred;

    c.     Identify each person who took part in or heard the communication;

    d.     Provide a detailed description of the subject matter of the communication; and

    e.     Identify each document which refers to or relates to the communication.

8.     The terms "describe", "explain" and "state" mean to detail fully by reference to the underlying facts, rather than to ultimate facts or conclusions of fact or law, and to particularize as to time, place and manner.

9.     The term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

10.     "And" as well as "or" shall be construed disjunctively, as necessary, in order to bring within the scope of the interrogatories all responses which might otherwise be construed to be outside the scope.

11.     As used herein, the terms "contact," "communication," or "communicate" mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether oral or written, or whether face-to-face, by telephone, mail, personal delivery or otherwise.

12.     The term "health care provider" or "medical practitioner" means any

physician, psychologist, psychiatrist, therapist, physical, occupational or rehabilitative therapist or other provider of health care or medical treatment.

## INTERROGATORIES

1.    State the name of each agent, employee or Officer who acted in a manner which gives rise to your cause of action.

2.    Describe all actions taken by each agent, employee or Officer for which you seek compensation in this lawsuit.

3.    Identify and name and address of each individual who was responsible for "punching," "striking," "grabbing," and "shoving" Plaintiff, as set forth in paragraph 16 of the Amended Complaint.

4.    Identify the name, address and phone number of all law enforcement individuals you spoke with on February 12, 2012, including those not affiliated with the University of Pennsylvania Police Department.

5.    Identify each person by name, address and phone number who you intend to call to testify at the arbitration or trial of this matter.  As to each such witness state the facts which are known by the witness.

6.    Identify the names and addresses of all expert witnesses you intend to call to testify, or whose reports you intend to introduce, at the arbitration or trial of this matter.

7.    Identify the name, address and phone number of all witnesses to the incident.

6

8.      State each and every physical injury and diagnosis you received as a result of the incident.

9.      In the last (10) years, did you receive any care or treatment from any medical or health care provider or institution, including but not limited to injuries related to this incident? If so, please state:

        a.      The name and address of the medical or health care provider or institution;

        b.      The reason for the treatment;

        c.      The type of treatment received; and

        d.      The dates of the treatment.

10.     The name, address and phone number of each medical provider pertaining to the "mental anguish requiring medical treatment" that you allegedly sustained, as set forth in paragraph 29 of the Amended Complaint.

11.     Identify the name, address and phone numbers of all primary care providers and/or family doctors you used from 2003 to present.

12.     Identify the case name, number, and court term for all lawsuits that you have ever been involved in as a party where personal injury was claimed or where a law enforcement officer was a party.

13.     Have you recovered from the injuries you sustained as a result of this incident?  If your answer is yes, please state the date on which you believe you recovered.  If you have not recovered from your injuries, please identify the injuries you continue to suffer.

7

14.     Were you involved in a traffic stop at any time from 2009 to the date of the incident? If so, please identify:

    a.    The date of the stop;

    b.    the purported reason for the stop;

    c.    the location of the stop;

    d.    the person/ entity that stopped you;

    e.    whether a citation was issued;

    f.    whether you were arrested.

    g.    whether you brought a lawsuit arising from the stop.

15.     Specify by category and amount all damages Plaintiff claims to be due, including but not limited to, economic, non-economic, emotional distress, compensatory and punitive.

16.     If you are claiming that your earnings have been impaired as a result of any actions of the Penn Defendants, identify the amount and calculation of earning impairment.

17.     Identify the name, address and phone number of any tax preparer that you used to file any local, state or federal taxes in the last five years.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: May 6, 2014

By: /s/ KK7847 _____
Joe H. Tucker, Jr., Esquire (No. 56617)
Kathleen Kirkpatrick, Esquire (No. 87240)
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609
**Attorneys for Defendants, The Trustees
of The University of Pennsylvania and
University of Pennsylvania Police Officer
Michael Sylvester**

9

# EXHIBIT C

**Kathleen Kirkpatrick**

| | |
|---|---|
| **From:** | Kathleen Kirkpatrick |
| **Sent:** | Thursday, June 05, 2014 5:25 PM |
| **To:** | alopresti@clearfieldlawyers.com |
| **Subject:** | Zankman v. UOP |

Anthony:

Your client's responses to discovery requests were due today. Please provide responses forthwith.

Kathy



**Kathleen Kirkpatrick, Esquire**
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
p-215-875-0609
f-215-875-8143
**kkirkpatrick@tlgattorneys.com**