IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SAHARO SACKO<br><br>v.<br><br>TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, et al. | CIVIL ACTION<br><br>NO. 14-831 |
|---|---|

## MEMORANDUM RE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT SUBSTITUTING JOHN DOE I WITH UNIVERSITY OF PENNSYLVANIA POLICE OFFICER DOMINIC DILORENZO

**Baylson, J.**                                                                                                    **October 14, 2014**

At issue is whether the Court should grant Plaintiff's motion to amend his complaint under Federal Rule of Civil Procedure 15 to substitute "John Doe I" with "University of Pennsylvania Police Officer Dominic DiLorenzo" because Officer DiLorenzo had constructive notice of the action under the principles outlined in Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186 (3d Cir. 2001). The Court believes notice can be imputed to Officer DiLorenzo and will grant the motion to amend.

### I. Background

This case arises out of a February 12, 2012, traffic stop by University of Pennsylvania ("Penn") Police Officers. Plaintiff sues under 42 U.S.C. § 1983 and alleges the Penn Police used excessive force against him.

Plaintiff filed his initial complaint on February 7, 2014 (ECF No. 1). That complaint named, among other parties, the Trustees of the University of Pennsylvania ("Penn Trustees"), University of Pennsylvania Police Officer Badge 158, and three John Doe University of Pennsylvania Police Officers. On April 8, 2014, the Court granted Plaintiff's motion to amend

1

his complaint to substitute "University of Pennsylvania Police Officer Badge 158" with "Michael Sylvester, a University of Pennsylvania Police Officer" (ECF No. 22).

On July 8, 2014, Plaintiff moved to amend his complaint to substitute "Officer John Doe I" with "Dominic DiLorenzo, a University of Pennsylvania Police Officer" (ECF No. 35). Defendants opposed the motion as untimely (ECF No. 38). It is undisputed that the motion was untimely under Federal Rule of Civil Procedure 15 because Plaintiff filed it after the 120 day period for the amendment to relate back to the original complaint had expired. Accordingly, Plaintiff may only be permitted to amend his complaint if the Court finds Officer DiLorenzo received constructive notice of the action prior to the expiration of the 120 day period.

## II. Parties' Arguments

Plaintiff contends Officer DiLorenzo received such constructive notice under both the shared attorney and identity of interest methods set forth in Singletary. Accordingly, Plaintiff claims the amendment relates back to the original filing date of the complaint and should therefore be deemed timely.

Defendants argue Plaintiff has failed to meet either method for constructive notice and that Officer DiLorenzo received no notice within the 120 day period that he might be named as a defendant. Moreover, Defendants contend discovery has progressed sufficiently far that Officer DiLorenzo would suffer prejudice if were added to the lawsuit now.

## III. Analysis

Federal Rule of Civil Procedure 15, which governs amendments to complaints, "embodies a liberal approach to pleading." Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). Under Rule 15(c), amendments will relate back to the filing of the original complaint for statute of limitations purposes if three requirements are met: (1) the claims must arise out of the

2

same conduct, transaction, occurrence; (2) the party to be added must have received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c). Here, it is undisputed that the first prong of the Rule 15 test is met.

**A.     Notice and Prejudice**

Plaintiff claims Officer DiLorenzo received constructive notice of the action both under the shared attorney and identity of interest methods set forth in Singletary. Plaintiff need only establish notice under one of these methods.

**1.     Shared Attorney Method**

Under the shared attorney method, the key question is whether notice of the action can be imputed to the newly named party within 120 days by virtue of representation the newly named party shares with a defendant originally named in the lawsuit. Singletary, 266 F.3d at 196. In evaluating this question, we consider whether the attorney's later relationship with a newly named defendant "gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." Id. at 196–97.

In Singletary, the Third Circuit concluded this test was not met because counsel did not become attorney for any of the defendants—both original and newly named—until well after the 120 day period had run. Id. at 197. In Garvin v. City of Philadelphia, 354 F.3d 215, 223–24 (3d Cir. 2003), the Third Circuit concluded this test was not met because the Philadelphia Deputy City Solicitor entered her appearance solely on behalf of the City, did not represent any of the

newly named police officer defendants within the 120 day period, and plaintiff failed to provide any evidence of shared representation within the 120 day period.

But this case is distinguishable from Singletary and Garvin.  Although defense counsel initially entered their appearances solely on behalf of the Penn Trustees, they have represented Officer Sylvester since he was added as a defendant, which occurred within the 120 day period.  But see Garvin, 354 F.3d at 223–24 (noting the Deputy City Solicitor did not represent any of the newly named police officers within the 120 day period and did not represent any of them following expiration of that period).  Because counsel represented Officer Sylvester when he was named, it is reasonable to infer counsel would likely represent Officer DiLorenzo if he were added.  Moreover, there is some circumstantial evidence counsel may have had some communication or relationship with Officer DiLorenzo.  Counsel identified Officer DiLorenzo in their Rule 26 disclosures and provided discovery naming him as the other officer initially present at the traffic stop.  See Smith v. City of Phila., 363 F. Supp. 2d 795, 801 (E.D. Pa. 2005) (distinguishing Garvin because the record revealed some communication or relationship between the attorney for the original defendants and the newly named defendants—a responsive pleading filed within the 120 day period identifying the newly named defendants as the John and Jane Doe parties named in plaintiff's complaint).[1]

### 2. Identity of Interest Method

The key question under the identity of interest method is whether "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  Singletary, 266 F.3d at 197

---

[1] Although defense counsel argues Officer DiLorenzo has never been informed that he might be named as a defendant in the lawsuit, Singletary focuses the Court's analysis on whether notice may be imputed to him under the shared attorney or identity of interest methods, not on what defense counsel claims they may or may not have told him.

(quoting 6A Charles A. Wright et al., Federal Practice and Procedure § 1499 (2d ed. 1990)). In Singletary, the Third Circuit declined to find an identity of interest between a staff psychologist and the named defendants—the Pennsylvania Department of Corrections, a state prison, and the former prison superintendent—because the psychologist "was clearly not highly enough placed in the prison hierarchy for us to conclude that his interests as an employee are identical to the prison's interests." Id. at 199. In Garvin, the court similarly concluded the four newly named defendant police officers lacked an identity of interest with their employer, the City of Philadelphia, because as non-management employees they did not rank highly enough in the City hierarchy. Garvin, 354 F.3d at 227.

But there is a key difference in this case distinguishing it from Singletary and Garvin—the identification of Officer Sylvester and his addition as a defendant within the 120 day period. As the low-ranking defendants in Singletary and Garvin, Officer DiLorenzo lacks an identity of interest with his employer, the Penn Trustees. But he does share an identity of interest with Officer Sylvester, who appears to be his equal in rank. See Defs.' Mem. of Law at 11 (ECF No. 38). Moreover, the two officers signed the same patrol book on the night of the incident, were the only two officers initially involved in the traffic stop that is the subject of this lawsuit, and were both interviewed in an internal affairs investigation following the incident. See Robinson v. Adams, No. 09-3587, 2010 WL 3069647, at *3 (E.D. Pa. Aug. 4, 2010) (finding the identity of interest method satisfied where plaintiff alleged newly named defendant worked closely on a regular basis with the defendants and was integrally involved with the originally named defendants in the events leading up to the incident that produced the litigation). Accordingly, there is sufficient identity of interest between Officer Sylvester and Officer DiLorenzo that the

naming of the former within the 120 period should have provided notice of the litigation to the latter.

### 3. Prejudice

Defendants claim even if notice can be imputed to Officer DiLorenzo, the Court should nevertheless decline to grant Plaintiff's motion because Officer DiLorenzo would suffer prejudice if added to the lawsuit because discovery is halfway completed.

Although written discovery has been completed, Plaintiff argues discovery is ongoing and depositions have not yet taken place. Moreover, it is likely many of the documents exchanged in written discovery would also apply to Officer DiLorenzo since this suit arises from a single incident. Therefore, the Court believes any prejudice to Officer DiLorenzo would be insufficient to justify denying Plaintiff's motion.

### B. Mistake Concerning Identity

Defendants contend Plaintiff has failed to satisfy the third prong of the Rule 15 test—to show Officer DiLorenzo knew or should have known that the action would have been brought against him, but for a mistake concerning his identity. Defendants argue Plaintiff did not make a mistake because he had knowledge of Officer DiLorenzo's identity within the 120 day period but did not act diligently to amend his complaint to name him.

But Plaintiff has presented sufficient evidence to show Officer DiLorenzo knew or should have known that he would have been named in the lawsuit but for a mistake concerning his identity. Plaintiff amended his complaint to name Officer Sylvester prior to the expiration of the 120 day period. Officer Sylvester was patrolling with Officer DiLorenzo on the night of the incident, and both Officers were interviewed in an internal affairs investigation into it. Moreover, Defendants identified Officer DiLorenzo in their Rule 26 disclosures and in written

discovery. This evidence indicates Officer DiLorenzo knew or should have known that he was one of the John Doe officers named in Plaintiff's complaint.

Moreover, Defendants' argument boils down to an assertion we should deny the motion to amend because Plaintiff had notice of Officer DiLorenzo's identity within the 120 day period but failed to amend his complaint until that period expired. Plaintiff admits he ascertained Officer DiLorenzo was one of the John Doe officers on May 21, 2014, when he received Defendants' response to interrogatories. But Defendants' argument appears foreclosed by the Supreme Court's decision in <u>Krupski v. Costa Crociere S.p.A.</u>, 560 U.S. 538, 541 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.").

## IV. Conclusion

Because Officer DiLorenzo had constructive notice of Plaintiff's complaint and knew or should have known of Plaintiff's mistake in failing to name him, the Court finds Plaintiff has met the Rule 15 standards for the amendment to relate back to the filing of the complaint for statute of limitations purposes. Accordingly, the Court will grant the motion to amend and will consider the complaint amended to substitute "John Doe I" with "Dominic DiLorenzo, a University of Pennsylvania Police Officer."

An appropriate Order follows.